UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jestine Perry Evans, | ) | C/A No.: 8:14-cv-4019-TLW-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Carolyn W. Colvin, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On March 10, 2016, Plaintiff Jestine Perry Evans brought a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), on the basis that the Commissioner's position in this action was not substantially justified. ECF No. 27. The motion seeks reimbursement for counsel's representation in the above-captioned matter in the amount of $2,475.40 (representing 13.2 hours of work at a cost of $187.53 per hour). On March 23, 2016, the Commissioner filed a response stating she did not object to the award of attorney's fees, but seeking leave to offset any federal debt owed by Plaintiff. ECF No. 28.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). To determine whether the Commissioner was "substantially justified" in terminating social security benefits and thus whether an award of attorney's fees under the EAJA is warranted, a court asks whether there was arguably substantial evidence to support the Commissioner's position. Anderson v. Heckler, 756 F.2d 1011 (4th Cir. 1984). However, an EAJA attorney's fees award is payable to the litigant and, therefore, is subject to an offset to satisfy the litigant's pre-existing debt to the Government. Astrue v. Ratliff, 560 U.S. 586, 594 (2010).

After careful consideration of the parties' filings and the applicable legal authority, the Court concludes that the Commissioner's position was not substantially justified and that the requested fees should be awarded. As noted, the Commissioner does not object to Plaintiff's motion for an award of fees, and Plaintiff does not oppose the Government's request for an offset. Thus, the Court also concludes the Government is entitled offset the amount of any pre-existing federal debts. *See* 560 U.S. at 594.

Therefore, Plaintiff's motion for attorney's fees under the EAJA (ECF No. 27) is **GRANTED**. The Commissioner is ordered to award Plaintiff $2,475.40 in attorney's fees, less any amount Plaintiff owes the Government on pre-existing debts. The check for any balance due Plaintiff should be mailed directly to Plaintiff's counsel, but should be made payable to Plaintiff rather than to her attorney. See Astrue 560 U.S. 586; see also 28 U.S.C. § 2412(d)(1)(A).

**IT IS SO ORDERED**.

 *s/Terry L. Wooten*
 Chief United States District Judge

April 12, 2016
Columbia, South Carolina